Case 4:24-cv-05143   Document 10   Filed on 02/19/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Lillian Gonzalez, § § § *Plaintiff,* § § v. § 2009 Houston Scott Street LP, et al, § § *Defendants.* § § | Civil Action No. 4:24-cv-05143 |

## ORDER ON REQUEST FOR COURT-APPOINTED LAWYER

Plaintiff Lillian Gonzalez filed this suit against Defendants 2009 Houston Scott Street LP, Rene O. Campos, Marcus Dominic, and Eureka Multifamily Group, LP, alleging that Defendants violated her rights under the U.S. Constitution, the Violence Against Women Act, 34 U.S.C. § 12491(b)(1), and unspecified provisions of the Fair Housing Act. *See* Dkt. 1. Now pending is Gonzalez's request for a Court-appointed attorney. Dkt. 9.

There is no general right to a court-appointed attorney in civil cases. The Fair Housing Act does permit, but does not require, the court to appoint an attorney for a person who "alleg[es] a discriminatory housing practice ...." 42 U.S.C. § 3613(b)(1). In an analogous context of cases under Title VII of the Civil Rights Act of 1964, courts consider numerous factors to determine whether appointing an attorney is warranted. *See Gonzalez v. Carlin*, 907 F.2d

573, 579 (5th Cir. 1990); *see also, e.g.*, *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1157 (D. Kan. 2001) (applying standard for appointing counsel in Title VII case to evaluate similar request under the Fair Housing Act). Those factors are: (1) the merits of the claim, (2) the plaintiff's own efforts to secure counsel, and (3) the plaintiff's financial ability to retain private counsel. *See id.* at 580. Another permissible consideration is the plaintiff's ability to represent herself without counsel. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). The plaintiff bears the burden of demonstrating that appointment of counsel is justified. *See id.* (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977)).

Here, the Fair Housing Act is mentioned only in passing and is ancillary to other claims in this suit. Contrary to Gonzalez's contention, Dkt. 9 at 2, the Court finds no provision of the Violence Against Women Act ("VAWA") that contemplates appointment of counsel to pursue a civil claim. Yet the bulk of her allegations rely on VAWA, particularly 34 U.S.C. § 12491(b)(1) and (3)(A).[1]

---

[1] It is far from clear whether private parties like Gonzalez can sue for violations of the relevant VAWA provisions. The Supreme Court invalidated VAWA's explicit civil action provision, which authorized civil suits against any person who commits a gender-motivated crime of violence. *See generally United States v. Morrison*, 529 U.S. 598 (2000) (holding that VAWA's civil remedy provision, 34 U.S.C. § 12361(c), exceeded Congress's power under the Commerce Clause and the Fourteenth Amendment). VAWA's subpart regarding housing needs of domestic violence and sexual assault victims does not include a civil action

Even one claim labeled as "Violation of Fair Housing Act" is, in reality, a VAWA claim. *See* Dkt. 1 at 17 (citing 34 U.S.C. § 12472(4), which is VAWA's "purpose" statement). Moreover, her Fair Housing Act claim, despite allegedly complaining of "Sex Discrimination," concerns Defendants' directive that Gonzalez bring her children inside after a neighbor screamed at her to make the children stay off the neighbor's side of the property. *Id.* at 18. Even assuming that this claim is actionable under *some* theory, it does not state a discrimination claim based on Gonzalez's gender. These and other weaknesses in her claims militate against appointing counsel.

Gonzalez also offers only vague descriptions regarding her efforts to procure counsel. *See* Dkt. 9 at 2. Her assertion that an unspecified number of attorneys have viewed this as a "criminal" matter make no sense, as it is obviously a civil suit. *See id.* Other attorneys allegedly indicated that the suit is a "civil rights matter," *see id.*, but there are many attorneys who take such matters, including on a contingency-fee basis. It simply appears that she has asked the wrong attorneys whether they would represent her.

In addition, Gonzalez has shown that she can prepare comprehensible filings and submit them without the assistance of attorney. This fact, coupled

---

provision. *See* 34 U.S.C. §§ 12471-12496. Instead, that subpart contemplates that agencies will police VAWA's housing-related requirements by conducting compliance reviews. *See id.* § 12492(a)(1).

weaknesses in claims and the insufficient showing that private counsel is unavailable, lead to the conclusion that Gonzalez has not shown "exceptional circumstances" warranting court-appointed counsel, regardless of her financial resources. *See, e.g.*, *Atencio v. Torres*, 2019 WL 2329242, at *1 (S.D. Tex. May 23, 2019) (quoting *Ulmer*, 691 F.2d at 212).

It is therefore **ORDERED** that Plaintiff Lillian Gonzalez's motion for appointment of counsel (Dkt. 9) is **DENIED**. This decision can be revisited a later stage of proceedings if the Court subsequently determines that the merits of Gonzalez's claims justify appointing counsel.

Signed on February 19, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge